UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

CASE NO.: EDCV 14-00318 SJO (SPx)　　　DATE: March 19, 2014

TITLE:　　Linda Chatelain v. Gerard Daniel Worldwide, Inc., et al.

========================================================================

PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz　　　　　　　　　　　　Not Present
Courtroom Clerk　　　　　　　　　　　　Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**　　　**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present　　　　　　　　　　　　　　Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR SAN BERNARDINO COUNTY**

This matter is before the Court on Defendant Gerard Daniel Worldwide, Inc.'s ("Defendant") Notice of Removal ("Notice"), filed February 20, 2014. For the following reasons, the Court **REMANDS** this action to the Superior Court of California for San Bernardino County.

I.　　FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2014, Plaintiff Linda Chatelain ("Plaintiff") filed a complaint (the "Complaint") against Defendant in the Superior Court of California for San Bernardino County. (*See generally* Notice, Ex. A (Compl.), ECF No. 1.) The complaint alleges that Plaintiff began working for Defendant on November 1, 2010. (Compl. ¶ 5.) Following the death of her husband, Plaintiff took a leave of absence from January 20 to February 13, 2013, in order to manage her grief and depression. (Compl. ¶¶ 6-7.) Plaintiff took a second medical leave of absence from March 8 through March 15, 2013. (Compl. ¶ 8.) Thereafter, Plaintiff returned to work on "modified activity" at the recommendation of her doctor. (Compl. ¶ 8.) In response to this change in her wroking status, Defendant relocated Plaintiff and placed her on special assignment. (Compl. ¶ 9.) Plaintiff complained to her supervisor and to human resources that she felt the transfer was punishment for her work restrictions. (Compl. ¶ 9.) It also came to Plaintiff's attention that other employees had become privy to her personnel file which contained information about her mental and emotional health. (Compl. ¶¶ 13-14.)

Plaintiff returned to her former position on May 2, 2013 (Compl. ¶ 15), around which time Plaintiff became aware that Defendant's computer terminals displayed the last four digits of her social security number in their data logs (Compl. ¶ 16). Plaintiff complained about this practice to her supervisor and human resources, but neither was receptive to her concerns. (Compl. ¶ 16.) On May 20, 2013, Plaintiff sent an email regarding Defendant's use of social security numbers to one of its vice presidents. (Compl. ¶ 17.) On May 22, 2013, Defendant terminated Plaintiff, ostensibly due to "restructuring." (Compl. ¶ 18.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  **EDCV 14-00318 SJO (SPx)**         DATE: **March 19, 2014**

Plaintiff claims that Defendant discriminated against her because of the disability that resulted from her grief and depression (Compl. ¶ 24), and that Defendant terminated her in retaliation for complaining about this discriminatory treatment (Compl. ¶¶ 32-33).  In all, Plaintiff alleges eight state-law causes of action:  (1) employment discrimination; (2) retaliation; (3) failure to prevent discrimination; (4) failure to accommodate Plaintiff's disability; (5) sharing Plaintiff's medical file in violation of California Civil Code section 56.20; (6) displaying employee social security numbers in violation of California Civil Code section 1798.85; (7) invasion of privacy; and (8) wrongful termination.  (*See* Compl. ¶¶ 21-76.)  Defendant received service of process on January 24, and removed the action to this Court on February 20, 2014.  (*See* Notice ¶¶ 1, 3.)

II.     **DISCUSSION**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case.  *See* 28 U.S.C. § 1447(c).  The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  Furthermore, the Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (internal quotation marks omitted).

An action is removable to federal court only if it might have been brought there originally.  *See* 28 U.S.C. § 1441(a).  Defendant asserts that the instant action is removable based on diversity jurisdiction.  (Notice ¶ 7.)  Diversity jurisdiction requires complete diversity—each plaintiff must have citizenship different from all defendants—and an amount in controversy exceeding $75,000.  *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).  Defendant alleges complete diversity in the Notice (Notice ¶ 7), and Plaintiff does not dispute the parties' citizenship.  However, Defendant has failed to establish the amount-in-controversy requirement.

If it is not facially evident from the Complaint, the removing party must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  *Matheson*, 319 F.3d at 1090; *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  Where the plaintiff has not demanded a specified amount in damages, the defendant may not remove the action "based simply upon conclusory allegations."  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).  In determining whether federal subject matter jurisdiction exists, a district court may consider facts "presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Matheson*, 319 F.3d at 1090 (quoting *Singer*, 116 F.3d at 377).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  EDCV 14-00318 SJO (SPx)          DATE:  March 19, 2014

Here, the amount in controversy is not facially evident from the Complaint.  In fact, the only damage request ascribed a dollar value appears in connection with Plaintiff's claim that Defendant impermissibly published her social security number.  Plaintiff alleges that California Civil Code section 1798.85(g)(1)(A) entails "a civil penalty of $500 for each occurrence."  (Compl. ¶ 64.)[1] There is, however, no allegation of how many times Defendant violated the statute.  There is also no indication of other statutory damages, the amount of Plaintiff's salary, or the cost of Plaintiff's medical expenses flowing from her discriminatory treatment.

Defendant does not supply any of these figures, either by allegation or extrinsic proof.  Instead, Defendant states that "it has a reasonable good faith belief that Plaintiff seeks . . . damages in excess of $75,000."  (Notice ¶ 11.)  Defendant bases this "good faith belief" on the fact that Plaintiff seeks various types of damages, without assigning a value to any particular category.  (*See* Notice ¶¶ 11-18.)  Defendant further argues that Plaintiff's requested "punitive damages might alone exceed the jurisdictional minimum" (Notice ¶ 25 (citation and quotation marks omitted)), although Defendant provides no factual basis for such speculation.

In its Initial Standing Order, the Court specifically reminds the parties that "[t]he burden of persuasion for establishing jurisdiction rests on the party asserting it and must be supported by competent proof."  (Initial Standing Order ¶ 15, ECF No. 5.)  Defendant's conclusory allegations do not satisfy this burden.  *Singer*, 116 F.3d at 377.

III.    RULING

For the foregoing reasons, the Court **REMANDS** this action to the Superior Court of California for San Bernardino County for lack of subject matter jurisdiction.  This matter shall close.

IT IS SO ORDERED.

---

[1] The Court notes that there is no California Civil Code section 1798.85(g)(1)(A).  *See* Cal. Civ. Code § 1798.85(g).  However, the Court need not ascertain whether the civil penalty asserted by Plaintiff is correct because even assuming the full $500 per instance penalty, Defendant has still failed to adduce facts demonstrating damages over $75,000.